IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL G. RYAN, | : |
| | :    4:10-cv-1425 |
| Petitioner, | : |
| | :    Hon. John E. Jones III |
| v. | : |
| | :    Hon. Thomas M. Blewitt |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

## MEMORANDUM

## August 31, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 5), filed on August 4, 2010, which recommends that Michael G. Ryan's ("Ryan") Petition for Writ of Habeas Corpus[1] (Doc. 1) be summarily dismissed. Magistrate Judge Blewitt further recommends that Ryan's *in forma pauperis* Motion (Doc. 2) be denied since Ryan indicates that he has available resources to pay the requisite habeas petition filing fee. Ryan filed objections to the R&R on August 18, 2010. (Doc.

---

[1] As discussed more thoroughly herein, Magistrate Judge Blewitt correctly determined that Ryan's action should be construed as a § 2241 habeas petition, and not as an action for declaratory judgment under a breach of contract theory. (Doc. 5, p. 1).

1

6). As this matter is before the Court on summary dismissal,[2] the Respondent is not required to respond to Ryan's objections at this point in time. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, deny Ryan's *in forma pauperis* Motion, and close this case.

I.   **PROCEDURAL BACKGROUND**

On March 20, 1995, in the context of a federal criminal prosecution, Ryan executed a plea agreement with the United States government, which provided, *inter alia*, for the terms of the guilty plea to exclude the costs of prosecution, imprisonment, probation, or the supervised release order. On April 4, 1995, Ryan entered his guilty plea contingent on the condition that he sign an additional plea document, which incorporated portions of the original plea agreement. However, in order to induce Ryan to proceed with his guilty plea, certain portions of the document, which related to the costs of prosecution, imprisonment, probation, or the supervised release order, were redacted so that the new document was in accordance with the original plea agreement. Both parties initialed the excluded

---

[2] Rule 4 of the Rules Governing Section 2254 cases in the district courts provides, in relevant part, that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner in not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." 28 U.S.C. foll. § 2254 (1977). Rule 4 is applicable to § 2241 habeas petitions under Rule 1(b). *See Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

lines in acknowledgment that the alterations would constitute the final agreement upon which Ryan's plea was based. On July 6, 1995, Ryan was committed to the custody of the Bureau of Prison ("BOP") pursuant to the terms of the agreed upon sentence.

On March 18, 2010, Ryan was summoned to appear before an evaluation team of the BOP where he was advised that he had been recommended for Residential Reentry Center ("RRC") placement. Ryan alleges that he was required to sign a Community Based Program ("CBP") Agreement to implement the placement. However, prior to signing, Ryan requested and received a copy of the CBP Agreement and was granted time to review the terms. Thereafter, on March 31, 2010, Ryan refused to sign the CBP Agreement, contesting that the agreement's requirement that he contribute to the residency cost conflicted with certain conditions of 1995 plea agreement, which expressly redacted and excluded provisions requiring Ryan to pay for costs of his imprisonment.

On May 11, 2010, Ryan alleges that he was summoned for a disciplinary hearing where it was determined that his refusal to sign the CBP Agreement had violated BOP Code 306, resulting in the loss of his prison job for one year. As a result, on July 7, 2010, Ryan filed, *pro se*, the instant action, pursuant to 28 U.S.C.

§ 2201, alleging breach of his plea agreement and seeking declaratory and injunctive relief. (Doc. 1).

On August 4, 2010, after undertaking a preliminary review of the matter, Magistrate Judge Blewitt issued the instant R&R (Doc. 5), which is presently before the Court for review.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

### A. Correction of Factual Errors Contained in Magistrate Judge Blewitt's Report & Recommendation

In the main, Ryan's objections seek to correct certain alleged factual errors contained in the R&R. Ryan's corrections are not substantive, and thus, these small factual errors are of no moment to our analysis and conclusion. However, to the extent that Ryan is correct in his stated objections, these objections will be sustained.[3]

For example, Ryan contends that the plea agreement, which Ryan executed on March 20, 1995, included a total of four (4) counts, instead of three (3) counts as stated in the R&R. Upon review of the record, we sustain this objection, finding that Judge Blewitt was incorrect. However, this ruling is of no moment to our

---

[3] We preliminary address Ryan's contention that he is an inmate at the Low Security Correctional Institution Allenwood ("LSCI"), and not, as stated in the R&R, an inmate at the Federal Correctional Institution Allenwood ("FCI-Allenwood"). As will be explained in more detail herein, the Magistrate Judge determined that this action amounted to a habeas petition, and accordingly, found that the United States was improperly named as the Defendant in the instant matter. Magistrate Judge Blewitt identified the correct respondent in the habeas proceeding as David Ebbert, the Warden of the FCI-Allenwood. Ryan takes issue with the Magistrate Judge's determination that Mr. Ebbert is the correct Respondent. He contends that, because he is an inmate at the LSCI, not at the FCI-Allenwood, the proper Respondent is Mr. William Scism, the warden of the LSCI, instead of Mr. Ebbert, as stated in the R&R. Even in the event that Ryan is correct in his assertion that he is housed at the LSCI, rather than the FCI-Allenwood, this minor error does not disturb our adoption of Magistrate Judge Blewitt's R&R.

adoption of the R&R as Ryan has failed to offer any substantive reason for us to decide otherwise.

Next, Ryan argues that the R&R incorrectly cited an excerpt of the plea document agreed to on April 4, 1995 as coming from the plea agreement executed on March 20, 1995. Upon review of the record, we find that Ryan is correct, and thus, this objection will be sustained. However, as noted above, this correction has no bearing on the substantive reasoning contained within Magistrate Judge Blewitt's R&R.

Further, Ryan contends that the R&R misconstrued the acronym "REC SHI" to mean "segregated housing." (Doc. 5, p. 4). Ryan asserts that the correct meaning of "REC SHI" should be read to mean "Recreation, Shift One." (Doc. 6, p. 2). Again, to the extent that Ryan is correct, we will sustain the objection. However, as the nature of this correction is not substantive, it has no effect on the ultimate recommendations contained in Magistrate Judge Blewitt's R&R.

### B. This Action is a § 2241 Habeas Petition[4]

---

[4] It is somewhat unclear whether Ryan's objection takes issue with Magistrate Judge Blewitt's determination to construe Ryan's action as a 2241 habeas petition, instead of an action

6

Next, Ryan takes issue with the Magistrate Judge's interpretation of the relief sought in the Complaint for Declaratory Relief.[5] Specifically, he contends that he neither objects to his recommended placement in the RRC nor the BOP policy, which required payment while he was confined in the RRC. (Doc. 6, p. 3). Rather, Ryan states that the instant issue is limited to the alleged breach of the terms of his plea agreement. *Id.*

As Judge Blewitt correctly noted, when an inmate challenges the execution of his prison sentence, a habeas petition is the proper way to proceed. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005). Although Ryan frames his cause of action in the Complaint as a breach of contract with respect to the terms of his plea agreement, the actual issue before the Court is whether he must comply with the BOP's policy that requires him to contribute to the payment for his RRC placement. Ryan's RRC placement was recommended by the BOP as part of the execution of his federal sentence. Thus, Ryan, in actuality, is challenging the execution of his sentence when he challenges the requirement that he sign the CBP

---

for declaratory judgment under a breach of contract theory. However, based on our reading of Ryan's objections, the Court will infer that he objects to the Magistrate Judge's decision to treat his action as a petition for habeas corpus.

[5] In his Complaint, Ryan requests that the Court declare that the BOP's policy, which requires that he contribute to the residency costs, violates his plea agreement and that the Court preclude prison staff from imposing further sanctions on him in its attempt to coerce him to sign the CBP Agreement. (Doc. 1, p. 10).

Agreement and financially contribute to his RRC residency costs; Ryan is not simply challenging the terms of the 1995 plea agreement. Therefore, we must reject Ryan's argument that declaratory judgment is the appropriate relief sought in the instant matter. Magistrate Judge Blewitt properly concluded that Ryan's action amounts to a habeas petition.

Having concluded that habeas is the appropriate method for Ryan to seek relief, we turn to Magistrate Judge Blewitt's recommendation that the petition must be dismissed for Ryan's failure to exhaust his administrative remedies. As a general rule, with very few exceptions, federal prisoners are required to exhaust their administrative remedies before petitioning the district court for a writ of habeas corpus pursuant to § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Here, Ryan acknowledges his failure to exhaust his administrative remedies. (Doc. 1, p. 10). While there are exceptions to the exhaustion requirement, none apply to the instant matter. Accordingly, we shall adopt Magistrate Judge Blewitt's recommendation that Ryan's Petition for Writ of Habeas Corpus be summarily dismissed on the basis that Ryan failed to exhaust his administrative remedies.

    **C.**    *In Forma Pauperis* **Motion**

Finally, Ryan takes issue with Magistrate Judge Blewitt's recommendation that we deny his *in forma pauperis* Motion (Doc.2) and that he be directed to pay the $5.00 habeas petition filing fee. Specifically, Ryan contends that the R&R incorrectly states that "[Ryan] receives between $20 to $50 per month from family members." (Doc. 5, p. 10).

Ryan argues that he does not receive any money from family members and that his Affidavit in Support of Motion for Leave to Proceed In Forma Pauperis (Doc. 2), which was filed on July 9, 2010, does not support Magistrate Judge Blewitt's finding. On review of the record, we are unable to locate any indication that Ryan receives income from his family members and thus, sustain his objection on this point. However, upon a review of Ryan's affidavit, we necessarily reach the same conclusion as Magistrate Judge Blewitt.

Ryan's affidavit, executed on July 2, 2010, indicates that, on that date, he was presently employed at the prison at a monetary compensation of less than $5.00 per month and that his Commissary Account had a balance of $726.00. Thus, it is evident to the Court that Ryan is capable of paying the $5.00 filing fee required for a § 2241 habeas petition.

Accordingly, we adopt Magistrate Judge Blewitt's recommendation on this point and shall deny Ryan's *in forma pauperis* motion and require him to pay the $5.00 filing fee.

V.     **CONCLUSION**

While we recognize that Ryan disagrees with Magistrate Judge Blewitt's R&R on certain alleged factual errors, Ryan has failed to offer any substantive reason for us to disturb the Magistrate Judge's sound recommendations. Accordingly, for the reasons set forth above, we shall adopt the R&R in part and reject in part to the extent set forth in this Memorandum. An appropriate Order shall issue.