IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL G. RYAN,            :       4:10-cv-1425
           Petitioner,     :
                         :
        v.                 :       Hon. John E. Jones III
                         :
UNITED STATES OF AMERICA,     :
           Respondent.     :


## <u>MEMORANDUM AND ORDER</u>

### November 22, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Petitioner Michael G. Ryan's ("Petitioner" or "Ryan") Motion for Reconsideration ("Motion") filed on September 24, 2010 (Doc. 11), moving the Court to reconsider our dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Docs. 7 and 8). For the reasons that follow, the Motion shall be denied.

## I.     STANDARD OF REVIEW

The purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. V. Zlotnicki*, 779 F.2d

1

906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ruled on the previous motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F.Supp. 2d 502, 504 (M.D. Pa. 1999). A motion for reconsideration is appropriate in instances when the court "has made an error not of reasoning, but of apprehension," and a court "must not grant reconsideration when the motion is simply a re-styling or rehashing of issues previously presented." *Pahler v. City of Wilkes-Barre*, 207 F.Supp. 2d 341, 355 (M.D. Pa. 2001) (internal citations omitted). "Mere disagreement with the court is a ground for appeal, not a motion for reconsideration." *Id.* (quoting *McConocha v. Blue Cross & Blue Shield Mutual of Ohio*, 930 F.Supp.1182, 1184 (N.D. Ohio 1996)). Further, motions for reconsideration cannot be used by a party to re-litigate or rehash legal principles and arguments already presented to and rejected by the court, nor may they present

2

additional arguments which could or should have been raised before judgment was entered.  *See Bhatnagar v. Surrenda Overseas Ltd.*, 52 F.3d 1220 (3d Cir. 1995) (for the proposition that motions for reconsideration cannot be used to gain a "second bite" at the apple).

## II.     PROCEDURAL HISTORY/FACTUAL BACKGROUND[1]

On March 20, 1995, in the context of a federal criminal prosecution, Ryan executed a plea agreement with the United States government, which provided, *inter alia*, for the terms of the guilty plea to exclude the costs of prosecution, imprisonment, probation, or the supervised release order.  On April 4, 1995, Ryan entered his guilty plea contingent on the condition that he sign an additional plea document, which incorporated portions of the original plea agreement.  However, in order to induce Ryan to proceed with his guilty plea, certain portions of the document, which related to the costs of prosecution, imprisonment, probation, or the supervised release order, were redacted so that the new document was in accordance with the original plea agreement.  Both parties initialed the excluded lines in acknowledgment that the alterations would constitute the final agreement upon which Ryan's plea was based.  On July 6, 1995, Ryan was committed to the

_____

[1] The factual recitation contained herein is taken partly from our August 31, 2010 Memorandum.  (Doc. 7).

custody of the Bureau of Prison ("BOP") pursuant to the terms of the agreed upon sentence.

On March 18, 2010, Ryan was summoned to appear before an evaluation team of the BOP where he was advised that he had been recommended for Residential Reentry Center ("RRC") placement. Ryan alleges that he was required to sign a Community Based Program ("CBP") Agreement to implement the placement. However, prior to signing, Ryan requested and received a copy of the CBP Agreement and was granted time to review the terms. Thereafter, on March 31, 2010, Ryan refused to sign the CBP Agreement, contesting that the Agreement's requirement that he contribute to the residency cost conflicted with his 1995 plea agreement, which had expressly excluded provisions requiring Ryan to pay for his imprisonment costs.

On May 11, 2010, Ryan alleges that he was summoned for a disciplinary hearing where it was determined that his refusal to sign the CBP Agreement had violated BOP Code 306, resulting in the loss of his prison job for one year. As a result, on July 7, 2010, Ryan filed, *pro se*, the instant action, pursuant to 28 U.S.C. § 2241, alleging breach of his plea agreement and seeking declaratory and injunctive relief. (Doc. 1).

On August 4, 2010, after undertaking a preliminary review of the matter, Magistrate Judge Blewitt issued an R&R (Doc. 5), which recommended that Ryan's Petition for Writ of Habeas Corpus[2] be summarily dismissed (Doc. 1) and that his *in forma pauperis* Motion (Doc. 2) be denied on the grounds that Ryan had available resources to pay the requisite habeas petition filing fee.

On August 31, 2010, we dismissed Ryan's habeas petition through adoption of Magistrate Judge Blewitt's R&R[3] on the grounds that Ryan failed to exhaust his administrative remedies.  Further, we denied Ryan's *in forma pauperis* Motion and directed the Clerk of Court to close this case. (Docs. 7 and 8).   Thereafter, on September 24, 2010, Ryan filed the instant Motion, seeking to have us reconsider our Order dismissing his habeas petition.  Although the time to do has since passed, Petitioner did not file a brief in support, and Respondent did not file a response.  Accordingly, this Motion is ripe for disposition.

---

[2] As explained in our Order adopting Magistrate Judge Blewitt's R&R, which recommended summary dismissal of Ryan's petition, the R&R properly concluded that, although Ryan's petition challenged the execution of his prison sentence, his action amounted to a habeas petition.

[3]In reaching this conclusion, we recognized that Ryan disagreed with the R&R on certain alleged factual errors.  To the extent that Ryan was correct, we sustained such objections and rejected the R&R in part.  We ultimately concluded, however, that because Ryan failed to offer any substantive reason for us to disturb the Magistrate Judge's sound recommendations, we adopted the Magistrate Judge's recommendation for summary dismissal of the habeas petition.

## III.  DISCUSSION

As outlined above, we previously dismissed Petitioner's habeas petition,

finding that he failed to exhaust his administrative remedies.  We stated in our

Memorandum dismissing the petition that:

> [a]s a general rule, with very few exceptions, federal prisoners
> are required to exhaust their administrative remedies before
> petitioning the district court for a writ of habeas corpus pursuant to
> § 2241.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d
> Cir. 1996).  Here, Ryan acknowledges his failure to exhaust his
> administrative remedies.  (Doc. 1, p. 10).  While there are exceptions
> to the exhaustion requirement, none apply to the instant matter.
> Accordingly, we shall adopt Magistrate Judge Blewitt's
> recommendations that Ryan's Petition for Writ of Habeas Corpus be
> summarily dismissed on the basis that Ryan failed to exhaust his
> administrative remedies.

(Doc. 7, p. 8).

Petitioner now seeks to have us reconsider our Order dismissing his habeas

petition.[4]   In support of this Motion, Ryan asserts that new evidence, which was

---

[4] Ryan continues to argue that his Complaint does not seek habeas relief on the grounds
that it neither contests the BOP policy nor challenges a prison disciplinary sanction.  (Doc. 11, p.
2).  Rather, Petitioner asserts that he "filed the Complaint for Declaratory Relief, specifically, and
only, to clarify the terms of his plea agreement/contract and to verify that the use of coercion to
compel a change in those terms would breach the agreement."  *Id.*  As we have previously stated,
"[a]lthough Ryan frames his cause of action . . . as a breach of contract with respect to the terms
of his [1995] agreement, the actual issue before the Court is whether he must comply with the
BOP's policy that requires him to contribute to the payment for his RRC placement."  (Doc. 7, p.
7).  Accordingly, Ryan's Complaint is challenging the execution of his federal sentence when he
challenges the requirements that he sign the CBP Agreement and financially contribute to his
RRC residency costs.

unavailable when the Court previously ruled, should be considered in the Court's determination to grant the instant Motion. Specifically, Ryan offers a memorandum issued by the BOP, which revises the policy guidelines for the treatment of inmates who decline RRC placement. He argues that "the policy guideline will moot any administrative remedy question" in relation to his obligation to execute a contract that would require his payment to the RRC contractor. (Doc. 11, p. 1). From this, Ryan concludes that revised guidance for RRC placement voids his requirement to pursue administrative remedies through exhaustion. As set forth hereinafter, we disagree.

Next, Ryan argues that it was a "clear error of fact" for the Court to conclude that the instant issue concerns whether he must comply with the BOP's policy, which requires that he contribute to the payment of his RRC placement. *Id.* On this point, Ryan asserts that his Complaint challenges the coercive measures employed by the BOP to force him to breach his 1995 plea agreement. Further, he argues that his Complaint did not challenge the BOP's policy, which requires his payment to the BOP's RRC contractor.

Ryan argues that new evidence, in the form of the aforesaid memorandum related to the treatment of inmates who decline RRC placement, which was not available when the Court ruled on the previous motion, necessitates that the Court

grant his Motion.  On the particular issue of inmates who decline RRC placement, this memorandum provides that "[i]f an institution recommends release through a community-based program and . . . the inmate continues to decline this opportunity, she/he may do so without being subject to disciplinary action."  (Doc. 11-2, p. 3).

Upon a close review of the record, we find that reconsideration is not appropriate in the instant matter.  It is our opinion that the proffered evidence has no substantive effect on our previous ruling.  Ryan does not argue that the BOP's policy, which requires his contribution to his RRC placement, constitutes a disciplinary act.  Rather, we reiterate that his challenge to the requirement that he pay for his RRC placement is in fact one that contests the execution of his federal sentence, and is not, as he argues, a challenge to the terms of his 1995 plea agreement.  Moreover, Ryan has failed to exhaust his administrative remedies.  Thus,  Accordingly, we conclude that Ryan has failed to proffer new evidence that would disturb the Court's analysis underlying the August 31, 2010 Order.

As previously noted, motions for reconsideration cannot be used by a party to re-litigate or rehash legal principles and arguments already presented to and rejected by the court.  At bottom, Ryan's Motion appears to merely re-style or rehash issues previously presented, and ruled upon, in his habeas petition.

Accordingly, his Motion fails to satisfy the requirements for reconsideration that are clearly set forth pursuant to Fed. R. Civ. P. 59(e).

## IV.   CONCLUSION

Despite Petitioner's assertions, his Motion for Reconsideration fails to advance an intervening change in controlling law or the need to correct a clear error of law or fact or to prevent manifest injustice.  Further, although Ryan attempts to reopen the case on the availability of new evidence that was not available when the Court previously rule, we find that this evidence does not relate to the underlying issue, and thus, has no effect on our previous Order.  Therefore, the Court finds no basis to reconsider the earlier decision.  Accordingly, we shall deny Petitioner's Motion for Reconsideration.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Petitioner's Motion for Reconsideration (Doc. 11) is **DENIED.**

s/ John E. Jones III
John E. Jones III
United States District Judge